**In re ANTIBIOTIC DRUGS ANTI-TRUST LITIGATION.**

*Pfizer, Inc. v. International Rectifier Corp., et al.,* C.D. California, Civil Action No. CV–74–353–RJK.

**No. 10.**

Judicial Panel on Multidistrict Litigation.

Nov. 12, 1974.

## OPINION AND ORDER

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III*, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

Pfizer, Inc. is the owner of the Gordon patent covering an injectible form of the broad-spectrum antibiotic oxytetracycline. It filed the above-captioned action in the Central District of California charging International Rectifier Corporation and Rachelle Laboratories, Inc. with infringement of the patent and seeking a preliminary and permanent injunction and damages. Defendants allege in their answer to the complaint that the Gordon patent is void, invalid and unenforceable because it was procured by fraud committed upon the United States Patent Office and because it has been and still is being used as part of a large pool of domestic and foreign patents covering broad-spectrum antibiotics in violation of the federal antitrust laws. Defendants move the Panel for an order transferring the action to the District of Minnesota pursuant to 28 U.S.C. § 1407. Pfizer opposes transfer. On the basis of the papers filed and the hearing held, we find that transfer of this action for coordinated or consolidated pretrial proceedings with the actions previously transferred to and pending in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Pfizer argues that no purpose would be served by a Section 1407 transfer at this time principally because the coordinated or consolidated pretrial proceedings in Minnesota affecting Rectifier and Rachelle are virtually complete. Also, Pfizer emphasizes that discovery on issues allegedly common to the Minnesota proceedings and this infringement action is finished in the transferee district and that it is apparent from the trial briefs of Rectifier and Rachelle that no issues relating to the Gordon patent will be litigated at the trial of the antitrust claims brought by Rectifier and Rachelle against Pfizer and others, which is scheduled to begin this fall in Minnesota. Furthermore, Pfizer asserts that defendants' sole purpose in seeking transfer is to embroil the action in the complex proceedings in Minnesota and thereby delay for an indeterminate period of time Pfizer's prosecution of its infringement allegations, while enhancing and preserving their positions in the market for oxytetracycline in the injectible form.

Rectifier and Rachelle concede that the issue of infringement is not common to the Minnesota proceedings, but they argue that the allegations of fraud on the Patent Office and violations of the antitrust laws contained in their answer to Pfizer's charge of infringement are so inextricably intertwined with the allegations asserted in the actions in Minnesota that the statutory criteria for transfer of this action are clearly satisfied. And they urge that the issues pertinent to the question of enforceability of the Gordon patent will certainly be litigated in the upcoming trial.

We previously ordered, over the opposition of Pfizer, a different patent infringement action by Pfizer against these same defendants transferred to Minnesota for pretrial proceedings. In re Antibiotic Drugs Antitrust Litigation, 355 F.Supp. 1400 (J.P.M.L.1973). The arguments advanced by Pfizer in opposition to transfer of that prior action are similar to those advanced here. And our reasons for transferring that earlier infringement action are equally applicable here.

The antitrust allegations asserted by defendants as a defense to Pfizer's infringement action involve issues raised

---

* Although Judges Murrah, Becker and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.

by them in the actions scheduled for trial in the transferee court. Thus, if it is determined at the trial that the Gordon patent is invalid or unenforceable, the infringement alleged by Pfizer in this action becomes a moot issue. But even accepting Pfizer's position that the Gordon patent is not an issue at the trial, we do not perceive how this necessarily militates against transfer of this action. Pfizer does not deny that discovery involving the Gordon patent has been proceeding under the supervision of the transferee court. Surely, therefore, one of the benefits of a Section 1407 transfer will be to ensure that common discovery already taken will not be duplicated. The Manual for Complex Litigation contains specific recommendations to provide that prior discovery is made available and applicable to this action. *Id.*, Part I, Section 3.11 (rev. ed.1973). In addition, the transferee judge, who has extensive familiarity with the issues and parties involved in this litigation, is in the best position to supervise the pretrial proceedings in this action and coordinate those proceedings with the other actions in this litigation that raise common antitrust issues but have not been consolidated for trial.

Furthermore, we are convinced that Pfizer's fears that Rectifier and Rachelle will use transfer as a means to protract this infringement action are unwarranted. The transferee judge can, of course, separately schedule and expeditiously process matters relevant to a particular action but not in the mainstream of the coordinated or consolidated proceedings. Thus, for examp( because of the transferee judge's familiarity with this litigation a motion for preliminary injunction directed at those defendants can be briefed, argued and decided by the transferee court with a minimum of delay and inconvenience to these parties and to their witnesses. Given the overall background and posture of this litigation, we are convinced that transfer will expeditiously promote the ultimate termination of this action.

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the action, Pfizer,

Inc. v. International Rectifier Corp., et al., C.D.California, Civil Action No. CV–74–353–RJK, be, and the same hereby is, transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Miles W. Lord for coordinated or consolidated pretrial proceedings with the actions pending there.